ROBERTO C. POLO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Polo v. Commissioner
Docket No. 27264-89
United States Tax Court
T.C. Memo 1991-16; 1991 Tax Ct. Memo LEXIS 16; 61 T.C.M. (CCH) 1689; T.C.M. (RIA) 91016; January 17, 1991, Filed *16 Michaell S. Fuerst, for the petitioner. Scott P. Borsack and Anne Hintermeister, for the respondent. POWELL, Special Trial Judge. [1]
POWELL
MEMORANDUM OPINION This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not timely filed. The motion was submitted on a stipulated record. The essential facts are not in dispute and may be summarized as follows. Petitioner allegedly headed several international investment funds during the early and mid-1980s. Prior to 1986, petitioner resided at 121 East 64th Street, New York, New York (the New York address). He moved to France during 1987, and his mother remained at the New York address until December of that year. Sometime during 1987, petitioner allegedly began looting the investment funds and in the end allegedly misappropriated approximately $ 110,000,000. Petitioner was incarcerated by Italian authorities from June 25, 1988 until January or February, 1989. There is no indication in this record, however, that petitioner has been indicted *17 in the United States or is otherwise a fugitive from justice in the United States. In August, 1988, respondent's agents become interested in petitioner's financial activities. This interest led to a July 28, 1988, termination assessment against petitioner for the period January 1, 1988, to July 20, 1988, in the amount of $ 25,827,298. Petitioner apparently did not file a Federal income tax return for the 1988 taxable year. On June 12, 1989, respondent mailed a notice of deficiency of the 1988 taxable year to petitioner at the New York address and "duplicate" originals to petitioner at the following addresses: 27 Quai Anatole, Paris, France; 13 Princesse Charlotte Boulevard, Monte Carlo, Monaco; 43 Rue de la Fontaine, Geneva, Switzerland; Via San Giorgio, 110, 55100 Lucca, Italy; and c/o Hotel Excelsior, Florence, Italy. The notices mailed to Monte Carlo, Lucca, Florence, and Geneva were returned. The notices sent to the New York and Paris addresses were not returned. The deficiency and additions to tax exceed $ 36,000,000. The petition in this case was mailed by certified mail on November 8, 1989, which date is 149 days after the mailing of the notice of deficiency. A copy *18 of the notice mailed to the Paris address was attached to the petition. Section 6213(a) [2] provides, inter alia: Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed * * * , the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency * * *.
A petition that is mailed within the respective periods is deemed to have been timely filed. Section 7502(a). The dispute in this case focuses on whether the notice was "addressed to a person outside the United States." In construing this language, this Court has held that the 150-day period is applicable when 1) the notice is addressed to a person whose address is outside the United States and 2) when the person to whom the notice is addressed is outside the United States. See ; . In the Memorandum of Authorities filed with the motion to dismiss, respondent admits that he "had no specific knowledge of the location of petitioner at the time of the issuance of the statutory notice of deficiency." Respondent contends, however, that since petitioner in invoking the jurisdiction of this Court, it is his burden to establish that he was in fact outside the United States. See . Petitioner contends that he was in fact outside the United States for an extended period of time including the date on which the notice was mailed. The stipulated record contains affidavits of petitioner's mother, brother and uncle. The essence of these affidavits is that petitioner was outside the United States when the notice was issued and that his absence from the United States was not temporary. The mother's affidavit further states "I know that * * * [petitioner] was in Italy on June 12, 1989, as I saw him there on that date. I am certain of the date as I then traveled to Paris from Italy on June 13, 1989." Respondent has *20 stipulated that the affiants would so testify at an evidentiary hearing. The stipulation also includes reports by the revenue agent that state that, when the termination assessment was made in 1988, petitioner "is presently incarcerated by the Italian authorities and is awaiting extradition to Switzerland. It does not appear that * * * [petitioner] will be returning to the U.S." Furthermore, shortly before the notice was issued, the agent wrote in his Report Transmittal that petitioner's "last known address is c/o Hotel Excelsior, Florence, Italy." [3] These statements corroborate petitioner's evidence. *21 Respondent contends, however, that the best evidence of petitioners' location when the notice was issued is petitioner's own testimony. He reasons, therefore, that since petitioner has not testified, the Court should conclude his testimony would not support the position that he advances. See , affd. . A so-called Wichita Terminal inference arises when a particular witness has a particular knowledge of an event and the proponent of that fact fails to call the witness or establish that he is unavailable to testify. But, we know of no proposition that the best evidence of a person's location on a particular date is that person's testimony. Any witness who has personal knowledge of the fact is no more, or no less, qualified than another witness having the same knowledge to testify as to that fact. Petitioner's mother, through her affidavit, has testified that to her knowledge petitioner was in Italy on the date that the notice was issued. Respondent does not question this evidence. There was, therefore, no reason for petitioner to testify as to that fact, and no adverse *22 inference arises. . Based on the evidence in this record then, we find that petitioner had departed the United States prior to 1988 and that he was outside the United States when the notice was issued. The petition in this case was filed within the 150-day period after the mailing of the notice of deficiency, and the statutory requirements of Section 6212(a) have been satisfied. Respondent's motion to dismiss will be denied. An appropriate order will be issued. Footnotes
1. This case was assigned pursuant to section 7443A(b)(4) of the Internal Revenue Code of 1954 as amended.↩
2. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the year at issue.↩
3. We do not construe the agent's statement to mean that the Florence address was, in fact, his last known address as that phrase is used in section 6212(b)(1). Rather, it appears that the agent was stating that Florence was the last place where petitioner was known to have been. We have no reason here to decide whether this was petitioner's last known address. See ; .↩